JOHN D. BYRAM and SALLY A. BYRAM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Byram v. Commissioner
Docket No. 5663-73.
United States Tax Court
T.C. Memo 1975-135; 1975 Tax Ct. Memo LEXIS 242; 34 T.C.M. (CCH) 626; T.C.M. (RIA) 750135; May 7, 1975, Filed Harold A. Chamberlain, for the petitioners. Robert H. Jones, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a deficiency in petitioners' income tax for the taxable year 1969 in the amount of $37,190.69. Several issues have been settled by the parties. The remaining issue is apportionment of the cost of an entire tract of real property among its several parts for purposes of determining gain realized on the sale of a portion of such property. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. John D. Byram (hereinafter referred to as petitioner) and Sally A. Byram are husband and wife who were legal residents of Austin, Texas when the petition was filed. They filed their joint Federal income tax return for the year 1969 *243 with the district director of internal revenue in Austin, Texas. On February 3, 1967, petitioner obtained an option to purchase 3.808 acres of land in the Sharpstown Industrial Park development area in Houston, Texas. [1] On February 16, 1967, petitioner entered into an agreement to lease the 3.808 acres of land and certain improvements to be constructed by him thereon to the National Cash Register Company (hereinafter referred to as NCR) for a period of 25 years with two 10-year options. On February 17, 1967, petitioner executed a contract to purchase the 3.808 acres. Closing date was set for April 7, 1967, but was extended to August 1, 1967. Closing actually occurred on July 28, 1967 and the deed to the property reflects that date. The price paid by petitioner for the 3.808 acres was $223,420. When the purchase contract was entered into it was petitioner's intention to lease the entire 3.808 acres to NCR in one lease. On June 29, 1967, petitioner proposed to exclude from the original lease with NCR the area *244 designated as "future building area" and lease this excluded area to NCR separately for $1 per year. Petitioner and NCR had agreed on a consideration for the lease of the entire tract and building and the two separate leases were merely an accommodation for financing purposes. By document dated July 10, 1967, petitioner (lessor) and NCR (lessee) entered into a lease covering the front 2.784 acres (hereinafter referred to as Tract One) of the 3.808 acres. The lease on Tract One was for a primary term of 25 years with an annual rental of $80,617.92 with NCR having two options of 10 years each to renew and extend the lease for the same annual rental. Also by a document dated July 10, 1967, petitioner (lessor) and NCR (lessee) entered into a lease covering the back 1.024 acres (hereinafter referred to as Tract Two) of the 3.808 acres. The lease for Tract Two was for the same primary and option terms as the lease for Tract One except that the annual rental was $1 and petitioner was required to pay any and all taxes and other charges imposed on the premises. The leases were executed prior to petitioner's purchase of the 3.808 acres in order to have the property leased before it was purchased. *245 The parties have stipulated that for purposes of this case on all dates in July of 1967 the value of petitioner's fee interest in Tract Two was $8,773.63, assuming the lease was not terminated or altered in less than 25 years. On the same dates, if the lease is considered a 35-year or 45-year lease, the value of petitioner's fee interest in Tract Two was to be considered $4,063.91 or $1,882.37, respectively. A building on Tract One was completed on May 1, 1968. NCR began occupancy shortly thereafter. On January 10, 1969, petitioner assigned the lease and sold the fee title on the Tract One acreage for $892,960.98 to Ben H. Williams. In reporting a gain on the sale of the NCR building on his 1969 income tax return, petitioner allocated the entire cost of the 3.808 acres purchased in 1967 to the basis of Tract One which was sold to Williams. In a statutory notice of deficiency dated May 10, 1973, respondent determined that petitioner's basis in Tract One was $163,334.04 and his basis in Tract Two, which he retained, was $60,085.96, thereby increasing petitioner's gain from the sale of Tract One. Determination of basis in the statutory notice of deficiency was based upon an allocation *246 of the original purchase price of $223,420 on a pro rata basis to the 3.808 acres purchased by petitioner on July 28. OPINION The issue is whether petitioner can allocate the entire cost of the purchase of the 3.808 acres to Tract One. Section 1.61-6, Income Tax Regs., provides that: * * * When a part of a larger property is sold, the cost or other basis of the entire property shall be equitably apportioned among the several parts, and the gain realized or loss sustained on the part of the entire property sold is the difference between the selling price and the cost or other basis allocated to such part. * * * The allocation of basis is to be made as of the date of acquisition of the property. Fairfield Plaza, Inc.,39 T.C. 706 (1963), and Wellesley A. Ayling,32 T.C. 704 (1959). Equitable apportionment required under section 1.61-6, Income Tax Regs., generally demands that relative values be reflected. Accordingly, if one parcel is of greater value than another, apportionment solely on the basis of square footage is inappropriate. Fairfield Plaza, Inc.,supra;Cleveland-Sandusky Brewing Corp.,30 T.C. 539 (1958); *247 and Biscayne Bay Islands Company,23 B.T.A. 731 (1931). Petitioner contends that the actual pro rata cost of Tract Two had been incorporated in the value of the lease which was sold under Tract One because the total price of the land cost and the building leased were used in arriving at the consideration to be paid under the lease by NCR. Respondent contends that the purchase price of the entire acreage should be allocated pro rata to the acres in both Tract One and Tract Two. The flaw in petitioner's argument is that he failed to prove that the value per acre of Tract One was of greater value than the value per acre of Tract Two at the date of purchase. When enough evidence on which to make an allocation on the basis of fair market value has not been presented, respondent's allocation must be upheld. Fairfield Plaza, Inc.,supra, and Cleveland-Sandusky Brewing Corp.,supra.In such a situation, an allocation on a per acre basis is considered reasonable. L. B. Maytag,32 T.C. 270 (1959). In this regard, we note that petitioner made no allocation of basis to Tract Two. There is no support for the contention *248 that Tract Two had no value whatsoever. See Biscayne Bay Islands Company,supra at 735. Petitioner argues, however, that the parties have stipulated the fair market value of Tract Two in July 1967, and since purchase of the property was made at that time the basis must be equitably allocated using such value. The value of Tract Two stipulated by the parties, however, reflects the value of that parcel as encumbered by the lease which petitioner himself placed on the property. It does not represent proof that the property in Tract Two was less desirable than Tract One, nor did it reflect the economic value of the property to petitioner when he acquired it. Indeed, the actions of petitioner indicate that there was no perceptible difference in the fair market value per acre between the tracts; originally he was willing to lease the entire acreage to NCR in one lease. The change to two leases and the assignment of a lease value of $1 per year to Tract Two was done merely as an accommodation for financing purposes, rather than as a reflection of a change in the fair market values of the property in the two tracts. Petitioner has thus failed to prove that the property *249 in Tract One was more valuable per acre than the property in Tract Two and that an allocation other than on a per acre basis is warranted. Decision will be entered under Rule 155.
Footnotes
1. Carroll Rogers was a participant in this transaction, but his interest was purchased by petitioner during 1968. Mr. Rogers is not a material party to this litigation.↩